HENDERSON & GAINES *v* SHIP MAID OF ORLEANS.

Where goods are injured on shipboard the measure of damages is the difference between their value in their damaged state, and their value at the port of destination if they had been delivered in good order, which should be ascertained by a public sale to the highest bidder.

The doctrine of abandonment for a constructive total loss, does not appear to apply to a contract of affreightment.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *Benjamin, Bradford & Finney,* for plaintiffs. *Durant & Hornor,* for defendants, appellants.

BUCHANAN, J. This is a suit for damages upon a shipment of clocks in boxes from New York to New Orleans. The clocks were shipped in good order, as appears by the bills of lading, and were delivered in New Orleans to the plaintiffs, consignees and owners of the same. The packages being stained by water when delivered, were opened and their contents examined by disinterested and competent judges called for the purpose, who testify that they were damaged by salt water to such an extent as to make them worthless; but that they might have produced, at auction, from thirty to forty per cent. of their invoice price. The plaintiffs have sued the ship for the total value of the goods, as in case of non-delivery. This course of proceeding is unusual and not warranted by precedent. The measure of damage is the difference between the value of the goods in their damaged state, and their value at the port of destination had they been delivered in good order. *Rathborn* v. *Neal,* 4 An. 566. That difference in value should have been ascertained by a public sale to the highest bidder. *Greenwood* v. *Cooper,* 10 An. 796. It was in the power of plaintiffs to have subjected them to this test, as the clocks have always remained in their possession in the warehouse. It was their duty to have done so. It is plain that plaintiffs cannot keep the clocks and also recover their invoice price as damages. Neither can the plaintiffs be considered as holding the clocks for the account and risk of the common carrier. The doctrine of abandonment for a constructive total loss has never been applied, that we are aware of, to the contract of affreightment.

The proper judgment in this case is a nonsuit, in order that plaintiffs may take steps to liquidate the damages.

It is, therefore, adjudged and decreed, that the judgment of the District Court be reversed; and that there be judgment for defendants as in case of nonsuit, with costs in both courts.