WILLIAM R. STURGESS, Respondent, *v.* AMOS A. BISSELL, Appellant.

In an action against a common carrier, for a failure to transport and deliver goods in accordance with his contract, the measure of damages is the value of the goods at the place of destination, at the time they should have been delivered pursuant to the contract, and in the condition the carrier undertook to deliver them, less the price to be paid for his services.

In such an action, a letter from plaintiff's agent, who made the contract for him, directed to and received by defendant, in which letter the agent stated the contract, as he claimed it to be, was offered and received in evidence.—*Held*, the evidence was competent and properly received.

One of plaintiff's witnesses was permitted to state, under objection, a conversation between plaintiff and one W., the book-keeper of defendant, and acting as his agent in the shipment of freight; no material evidence was given. Subsequently the same witness testified, without objection to a conversation with W., a portion of which was competent as a part of the *res gestæ*, and a portion incompetent.

*Held*, that as conversations with W., pertaining to business transacted by him at the time, were competent, and as error is never to be presumed, but must be made plainly to appear, it is to be assumed the court in overruling objection to first question only intended to hold, that conversations with W., relating to business then being transacted, were competent, and that the objection then taken could not be made applicable to the subsequent incompetent evidence. If the ruling of the court was intended to apply to all conversations, the objection, to avail defendant, should have been more specific, so that the intent would be made plainly to appear.

(Argued November 15th, 1871 ; decided November 20th, 1871.)

APPEAL from judgment of the General Term of the Supreme Court of the eighth judicial district, affirming judgment in favor of plaintiff entered upon verdict of a jury.

The action is brought to recover the value of 630 barrels of apples shipped by plaintiff upon defendant's boat, to be transported to the city of New York. The defendant agreed to deliver the apples uninjured by frost, and, if frozen, to pay the damages. The contract was made between John H. Crane, agent of plaintiff, and the defendant. The apples were shipped November 16th, 1867. The apples were frozen when the boat arrived at Syracuse. The boat was finally stopped by ice in the canal at Fort Plain, December 4th, 1867. The apples were forwarded by railroad to New York, but in consequence of the freezing were a total loss. Upon the trial on the question of damages, plaintiff proved, under objections, the value of the same kind of apples in the New York market at the time of their arrival.

A letter written by Crane to defendant, and received by him, dated November 26th, 1867, which letter set forth the contract of shipment, as claimed by plaintiff, was offered in evidence and received under objection.

Upon the examination of Crane as a witness for plaintiff, he was asked as to a conversation between plaintiff and one Wakeman, a book-keeper of defendant and his agent, in matters relating to shipment of freight. Counsel for defendant objected to any evidence of conversation in the absence of defendant. Objection overruled and exception. The conversation detailed was, in substance, an objection on the part of plaintiff to ship by canal. Subsequently witness was asked as to another conversation with Wakeman, which occurred the next day after the first. No objection was made, and witness testified, in substance, that plaintiff demanded a bill of lading in accordance with the agreement, threatening to remove the apples unless it was given; that Wakeman admitted the contract as claimed by plaintiff, and promised to make out such a bill as plaintiff required; asked plaintiff to write on a card what he wanted inserted, agreeing to forward

the bill to plaintiff on Monday thereafter; that a card was given to Wakeman as desired, upon which was written the following: "Freight, fifty cents; insurance against freezing, five cents. Guaranteed to be delivered in New York within thirty days from date of bill of lading."

The jury rendered a verdict in favor of plaintiff for $3,185.52; upon which, judgment was duly perfected.

*A. P. Lanning,* for appellant. That the letter of plaintiff's agent, Crane, written after the making of the contract, was improperly received in evidence. (*Thallheimer* v. *Brinckerhoff,* 4 Wend., 394; *Moore* v. *Meacham,* 10 N. Y., 207; Dunlop's Paley on Agency, 270, and note.) Proof of value of apples in New York city, was improper upon question of damages. (*Marchesseau* v. *Merchants' Ins. Co.,* 1 Rob. La., 438; *Leroy* v. *United Insurance Co.,* 7 John., 40, 343; *Lamont* v. *Chatham Insurance Co.,* 1 Hull, N. Y. Sup. C. T., 45.) Evidence of conversation between plaintiff and defendant's book-keeper improper. (Phillips on Evidence, pp. 100, 101; *Thallheimer* v. *Brinckerhoff,* 6 Con., 89; *Baptist Church* v. *Brooklyn Fire Insurance Co.,* 28 N. Y. R., 153.)

*Farnell & Brazee,* for respondent. That evidence of conversation between plaintiff and defendant's book-keeper was proper. (Story on Agency, §§ 126, 127, and notes, § 132.) All communications between the parties to the action, or their authorized agents in regard to the matter in controversy, were competent. (Phil. Ev. C. H. and E., notes, 4th ed., p. 172; *James* v. *Parshall,* 35 How., 472; *Murphy* v. *Baker,* 2 Rob., 1; *Moore* v. *Hamilton,* 48 Barb., 120.) The market value of the apples in New York, proper on question of damages. (*Marshall* v. *N. Y. C. R. R.,* 45 Barb., 502.)

Grover, J. The contract of the defendant, as found by the jury, was to transport the apples from Lockport to New York, and deliver them to the plaintiff there, free from any injury from frost. This contract was broken by the defend-

ant. The apples were never delivered at New York, but frozen and rendered worthless upon the boat in which they were being carried, near Fort Plain, and which was there stopped by the freezing of the canal. The damage sustained by the plaintiff from the failure to perform this contract, was clearly the value of the apples in New York at the time they should have been delivered, pursuant to the contract, in the condition the defendant undertook to deliver them, less the price to be paid for the service. That was the benefit the plaintiff would have derived from the performance of the contract. Nothing less will indemnify him for the loss sustained. The contract was entire to transport the apples free from any injury from frost. Permitting their destruction by freezing was a violation of this contract by the defendant, and the plaintiff is entitled to recover all the damages sustained, by the failure to deliver them in New York according to the contract. The authorities cited by the counsel for the appellant, determining the measure of damages in insurance cases, have no application to the present case. The letter written by Crane at New York, and sent to and received by the defendant, was competent evidence. Crane was the agent of the plaintiff in respect to the shipment of the apples. He made the contract with the defendant for the shipment. The letter stated the contract as he claimed it. And this statement, with the answer of the defendant, if any, was equally competent as if made by him orally to the defendant, together with the reply of the defendant, if any. It was for the jury to determine what weight, if any, should be given to the evidence. It is insisted by the counsel for defendant, that evidence of conversations had by the plaintiff and Crane with Wakeman, was improperly received. Wakeman was bookkeeper for defendant, and acted as his agent in many respects in relation to the shipment of freight. This did not make his declarations or conversations with others, disconnected with business transacted by him for the defendant at the time, competent evidence against the defendant. If this rule was violated to the prejudice of the defendant, the judgment must

be reversed. Crane testified that he and the plaintiff went to the defendant's office. The defendant was not there, but Wakeman was. That the plaintiff had a conversation with Wakeman, in which Sturgess said he was opposed to shipping by canal, preferred to ship by rail. The counsel for the defendant objected to any evidence of the conversation between the plaintiff and Wakeman, defendant not being present, which was overruled and exception taken. No material evidence was given at this point, under this ruling. Subsequently the same witness testified to another meeting of the plaintiff and Wakeman the next day, at which Wakeman handed the plaintiff a bill of lading for the apples, which the plaintiff refused to receive. The reasons assigned by the plaintiff for this refusal, explanatory of the act, were competent, as part of the *res gestæ* transacted between the plaintiff and Wakeman, as agent for the defendant. Some further testimony was given as to what Wakeman said about his understanding of the contract, which had been made between the defendant, personally, and Crane, as agent for the plaintiff, which was incompetent, but no objection was made to such testimony. The counsel now insists, that the objection made to the testimony as to the conversation on the day previous, should be held applicable to this testimony. But that objection and the ruling thereon, does not show that the court held all conversations with Wakeman competent. My understanding of it is, that the court only intended to hold such conversations competent, when relating to business being transacted by Wakeman for the defendant at the time. So understood, the ruling was correct. If the ruling was really intended otherwise, the objections should have been more specific. Error must not be presumed but plainly made to appear, to warrant the reversal of a judgment. The judgment appealed from must be affirmed, with costs.

All concur.

Judgment affirmed.