Johnson, J.
The bill of, exceptions does not purport to set out all the evidence, but only the tendency of so much as was supposed was necessary to show that the requests to charge were pertinent. Neither does it give, the charge which was given to the jury on the points covered by.the requests to charge.
1. The. first request was based on the event that the jury should find that the contract set up in the answer was the true contract of affreightment. It was an attempt to state the law governing the liability of the carrier under this contract for a loss by fire at the end of the transit, while the oil was standing in an oil-yard, awaiting transhipment.
If this bill of lading was the contract, then the liability of the carrier was modified; and if he was in no default, *368 he was entitled to a verdict, but if it was not the contract, or if the loss was the result of his negligence, then he was liable the same as a common carrier generally.
The record does not advise us how the jury found on this point. For aught that appears they may have found it was not the contract governing the case. Assuming, however, as shown by the bill of exceptions, that evidence was offered from which a jury might find, or that they in fact did find, that the bill of lading was the contract, then the defendant had a right to have proper instructions given as to its liability arising thereon.
It becomes necessary, therefore, to inquire whether this first request was a correct statement of the measure of the defendant’s responsibility under such a contract.
We think it was not. It is defective in this, that it does not require any care or prudence of the carrier in storing and caring for the oil before the fire originated. There is nothing in the bill of exceptions to show that the yard where the oil was stored was a suitable and proper place, nor is there anything in this request implying that it was the duty of the carrier to use care in keeping the oil, before the fire originated.
The language of the request was, in substance, that, if defendant carried the oil to the proper place for delivery to the next carrier, and there stored the same in a yard which was “ ample’’ and “ a convenient ” place for reshipment, and the one used by defendants for property of that kind, then, under the terms of the bill of lading, it was not liable for a loss by the explosion of a vessel lying in the dock near by, over which the defendant had no control, where all possible means were used after the explosion, to prevent the loss.
Notwithstanding the exemption contained in this bill against loss by fire, it was the duty of the carrier to use due and proper care after the oil arrived, and while in his possession, in keeping it safely. Gaines v. Transportation Co. [Decided at present term, not yet reported.] 28 O. S. R. p,
Although this place where the oil was kept may have *369 been ample and convenient for reshipping, and the one in. common use by defendant, yet it may not have been a safe or proper place, such as a careful and prudent -man would select. The defendant alleged that this yard was a suitable-place. This allegation was put in issue. The bill of exceptions does not show that evidence was offered on the point,, and the request omits to make it a prerequisite to a complete defense. Inasmuch as this request failed to recognize-this duty of properly caring for the oil after its arrival at Jersey City, and while awaiting reshipment before the fire,, it was not error to refuse to give it to the jury.
It is evident the bill of exceptions fails to present thereat question intended by counsel.
2. The second request related to the rule of damages in-case the jury found for the plaintiff'.
As the ease stands upon the record, it was a request to* lay down as the rule of damages in this case the value of the oil at Jersey City, and not the value at Boston, its ultimate destination. The error assigned is, that the court' refused to so charge. What the court did charge as the-rule, or what rule was applied by the jury, does not appear. Neither does it appear that any evidence was offered as to-the value of oil at Jersey City, nor that the value at Boston was greater than at Jersey City.
In fact, the only evidence before the jury to aid it in assessing damages so far as the record discloses, was that offered by plaintiff as to value at Boston, and the through rate agreed on and guaranteed by the first carrier — that is, seventy-five cents per barrel — to be apportioned among the carriers. The general rule of damages against carriers, when goods are lost in their hands, is the value of the goods at their destination, with interest. McGregor v. Kilgore, 6 Ohio, 358; Sturgess v. Bissell, 46 N. Y. 462; Spring v. Allen, 4 Allen, 112; Laurent v. Vaughan, 30 Vt. 90; O'Hanlan v. G. W. R. R. Co., 6 B. & S.; Rice v. Baxendale, 7 N. & H. 96.
When the freight has not been paid, this value, less freight to he paid, is said to be the rule.
*370 It is the value of the article at the place of delivery that the plaintiff has lost; it is the value which he would have received, if the contract had been performed.
To ascertain this, the freight, when not paid, must be deducted. Sedgwick on Damages, 425.
If the value to the plaintiff of the goods lost — that is, what he would have received if the contract had been performed— is the rule, then it follows that the value at the point where the contract of the carrier bound him to transport the goods, less unpaid freights and charges, would measure the loss for the non-performance.
In this case the undertaking of the carrier was to carry to New York and forward to Boston these fifty barrels of oil. It was this contract that was broken. The actual loss for a breach of this contract, the natural and proximate consequences of the act, excluding speculative profits, and remote or indirect losses, is the proper rule of damages. That sum which will make the party whole is the proper measure. Generally, but not always, the market value furnishes this measure.
The request which was refused is objectionable on several grounds.
First. If the value at Jersey City was to guide the jury, still the plaintiff was justly entitled to interest on that value to the time the verdict was rendered. As this request, if given, would have excluded the right of the j ury to allow interest on the value to the time of trial,, it was not error to refuse it.
Second. This was a contract to carry and forward this lot of oil on a through rate to its destination, and the measure of damages to the plaintiff for its breach may have been affected by the favorable terms as to through rates as compared with the local rate from Jersey City to Boston.
It is not necessary to determine whether the value at Boston was the proper measure, in a contract like the present where there are several independent carriers, as the record does not show that the jury were governed by such *371 a rule. It was so held, under a contract somewhat similar, in Perkins v. P. S. & P. R. R. Co., 47 Maine, 573.
If the court did not err in refusing to tell the jury that the value of the oil at Jersey City was -the rule, we are not required, in this case, in the absence of anything to show what the evidence was or what the court charged, to determine the true rule under such a contract, but will presume the court charged the law correctly.
"We think it was not correct, as it ignores the difference that may have existed between oil generally at Jersey City and this oil, under the contract to forward under a through rate.
It is fair to presume that this rate was more favorable to the owner than the local rate would have been from Jersey City to Boston on like articles in the market at that point.
It is assumed in argument that the court adopted the value at Boston. This does not appear from the record, and can not be assumed.
Third. As the record does not show that any evidence was offered, showing the value at Jersey City to be less than at Boston, nor what rule the court did lay down for the guidance of the jury, it does not affirmatively appear that the plaintiff has been prejudiced.

Judgment affirmed and cause remanded.