## MITCHELL v. WEIR.

(Supreme Court, Appellate Term, First Department. February 26, 1897.)

CARRIERS OF GOODS—DELAY IN DELIVERY—MEASURE OF DAMAGES.

The measure of damages for failure of defendant express company, with knowledge of the facts, to deliver a bicycle which plaintiff had purchased and shipped for use during her vacation, she being unable to use it at other times, is the value of the bicycle, and not the cost of hiring another during her vacation, though at the close of her vacation defendant offered to deliver it, and she refused to receive it, no bicycle being obtainable at the place where her vacation was spent.

Appeal from Seventh district court.

Action by Annie Mitchell against Levi C. Weir, as president of the Adams Express Company, to recover damages for failure of the de-

fendant to deliver a bicycle according to the contract of carriage. From judgment for plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Carl A. De Gersdorf, H. Snowden Marshall, and Seward, Guthrie & Steele, for appellant.

H. B. Bradbury, for respondent.

DALY, P. J. The plaintiff, a professional nurse, purchased a bicycle for $50, and delivered it to defendant's express company in Brooklyn to be shipped to Sussex, New Brunswick, Canada, at the same time signing and delivering to the company, at its request, duplicate papers, to enable the company to get the machine through the Canadian customhouse. This was on June 7, 1896. The bicycle was never delivered in Sussex, the company having mislaid the duplicate paper sent with the machine. Upon the plaintiff's arrival in Sussex, a week after the shipment, she made inquiries of the express company's agent there, who caused investigation to be instituted for the machine, and reported that it could not be found. It was subsequently traced to the defendant's office in Boston, and an offer was made on August 7th to forward it to plaintiff, if she would fill out a declaration inclosed to her, and send it to defendant at the latter city. No attention was paid to this request, a claim for the value of the bicycle having been made on her behalf on the previous 29th of July. The plaintiff intended the bicycle for her personal use during her vacation in Sussex, which came to an end about the time that the offer was made to send the machine to her. It appeared from her testimony that the bicycle was of no use to her after leaving Sussex, her business being such that she could not use it, and that she was unable to hire a bicycle for use in Sussex, or within 40 miles of that place. Upon the evidence the justice gave judgment for the value of the bicycle. This was the proper measure of damages for the nondelivery of an article intrusted, as this was, to a common carrier. The general rule, where goods are intrusted to a carrier, and are not delivered according to his undertaking, is that the value of the goods is the measure of the damages. Ang. Carr. § 482, and cases cited; Harvey v. Railroad Co., 124 Mass. 421; Spring v. Haskell, 4 Allen, 112. In an action against a common carrier for failure to transport and deliver goods in accordance with his contract, the measure of damages is the value of the goods at the place of destination, at the time they should have been delivered pursuant to the contract, and in the condition the carrier undertook to deliver them, less the price to be paid for his service. Sturgess v. Bissell, 46 N. Y. 462. The appellant claims that the facts showed only a delay in delivery, and that that was the cause of action, as stated by the complaint, and invokes the rule that for nondelivery of the goods within a reasonable time the carrier is only responsible for the consequences of his breach of contract. Ang. Carr. § 490. It is true that delay is not a conversion of the goods, and that the carrier is only responsible for the damages sustained by his delay. Hutch. Carr. § 775.

If, from mere negligence, or a plain violation of duty, the carrier neglects to deliver the goods within a reasonable time, the rule of damages is the difference in value of such goods at the time and place they ought to have been delivered and at the time of actual delivery. Sherman v. Railroad Co., 64 N. Y. 259. Where the goods are to serve some specific purpose, only the expense which the owner has been put to by being deprived of the use of his property during the time of the delay may be recovered. Hutch. Carr. § 776. Upon these authorities the appellant claims that the only damages recoverable by the plaintiff for delay in delivering her bicycle would have been the cost of hiring another wheel while waiting for the delivery of her own, and that the full value of the bicycle was not recoverable, because a delivery of the bicycle was ultimately tendered or offered. In Scovill· v. Griffith, 12 N. Y. 509, it was held that the mere omission of a common carrier to transport and deliver property to the consignee within a reasonable time does not necessarily render him liable for its value; that the owner cannot, on the sole ground of unreasonable delay in the delivery of the property, refuse to receive it, and recover against the carrier as for its conversion. In that case the plaintiff had shipped merchandise by a steamboat line between New York and Troy, the goods being consigned to Albany. For some cause they were detained in Troy about six weeks, and the defendant, during that time, made no effort to send them to their destination. There was no evidence of deterioration in condition, or depreciation in value, during this time, and it was held that for the mere delay plaintiff was not entitled to recover the full value of the property. It was said, however, that there was no evidence that the plaintiff had ever demanded the property, or had given the defendants notice that it had not been received. In this case there was an absolute failure of delivery of the goods at the place of destination, with notice of that fact to defendant, and consequently it is not in a position to claim that this was a case of mere delay. To hold otherwise would be to strain the law unduly in favor of the common carrier in a case where the inconvenience inflicted by its negligence cannot be compensated for by the mild ·rule of damages to which it is willing to submit. The rule which requires the owner of goods intrusted to a· carrier to receive them whenever the latter chooses to deliver them, and which restricts damages for the delay to the difference in value, if there has been a fall in price, or to the value of the use of the article if intended for a special personal use, is exceedingly favorable to the carrier, and is not to be applied unless the facts bring the case within the rule. Where the facts show not mere delay, but actual failure to deliver·at the place of destination, the well-settled rule that the value of the property is the measure of damages must be applied. In this case the value, as testified by the plaintiff, was the price she paid for the article, $50, and that is all that the justice has allowed.

The claim of the express company that it was unable to make delivery because plaintiff refused to furnish the declaration requested, is unavailing. The bicycle, if delivered at that time, would

have been no longer of any use to the plaintiff, who was about to return to this city, her summer vacation being about to expire. She was under no obligation to assist the defendant to make a delivery at that time which would have the effect of relieving them from the just penalty incurred by their own breach of duty. It is unnecessary to say that an offer of defendant to deliver to plaintiff, if she would assist it out of the dilemma resulting from its own negligence, was not equivalent to a delivery. The carrier's liability continues until actual or constructive delivery at the stipulated place. 2 Am. & Eng. Enc. Law, 884, note 5; Express Co. v. Baldwin, 26 Ill. 504; Id., 23 Ill. 197; Graff v. Bloomer, 9 Pa. St. 114. °

The pleadings in the court below were oral. The statement of the plaintiff's cause of action was "damage for delay in delivery of bicycle, and its loss." This was as much a claim for nondelivery —i. e. loss—as for delay in delivery. The justice gave judgment according to the evidence, which was taken without objection, and which showed a failure to deliver. This judgment cannot be disturbed on any technical ground, being according to the justice of the case. The testimony of the plaintiff as to her object in buying the bicycle and shipping it to Canada, and her intention to use it there, was objected to by the defendant because these facts were not communicated to the carrier at the time of shipment. In our view of the law of the case, the error, if any, in the admission of this testimony, was immaterial. But, even if the recovery sought had been damages for delay, the testimony would have been proper to show that the bicycle was to serve some specific purpose of the owner, and as a foundation for damages on that account. It might not, however, be unreasonable to hold that the circumstances of the shipment of this bicycle sufficiently apprised defendant of the personal use for which it was intended.

Judgment affirmed, with costs. All concur.