## MITCHELL v. WEIR.

(Supreme Court, Appellate Division, First Department. June 11, 1897.)

1. CARRIERS OF GOODS—FAILURE OF EXPRESS COMPANY TO DELIVER BICYCLE —MEASURE OF DAMAGES.

Defendant express company failed to transport to S. plaintiff's bicycle, and made no effort to comply with its contract until two months afterwards, when it wrote plaintiff that it had the bicycle, and would ship it to her on having the shipper sign an invoice, etc. Such notification came so late that the bicycle would be of no use to her at S., where she had gone to spend her vacation; and it was of no value to her at the place of shipment, where she resided. She bought it to use during such vacation, and by defendant's failure to deliver it at S. it became valueless to her. .She promptly notified defendant's agent at S. of the shipment, and de-

manded delivery; but defendant never tendered the bicycle to her until after suit was brought in November, and such tender was made where she resided. *Held*, that the value of the bicycle was the measure of damages.

2. SAME—SUFFICIENCY OF EVIDENCE.

The only evidence of the value of the bicycle was its cost price, and it appeared that it was purchased immediately before delivery to defendant, and had never been used. *Held*, that the evidence supported a judgment for plaintiff for the amount paid by her for the bicycle.

Appeal from appellate term, New York county.

Action by Annie Mitchell against Levi C. Weir, as president of the Adams Express Company, to recover damages for failure of such company to transport and deliver to plaintiff at the place of destination a bicycle delivered to it for shipment, commenced in the district court, and taken on appeal by defendant to the appellate term of the supreme court. From a judgment affirming the judgment of the district court in favor of plaintiff (43 N. Y. Supp. 1123), defendant appeals. Affirmed.

Argued before RUMSEY, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

C. A. De Gersdorff, for appellant.

H. B. Bradbury, for respondent.

INGRAHAM, J. The only question involved in the determination of this appeal is that of the measure of damages. The defendant, a common carrier, received from the plaintiff a bicycle, which it undertook to deliver to her at Sussex, in the province of New Brunswick, dominion of Canada, at the same time taking from her what was called an "invoice," which was a statement as to the value of the bicycle, signed by the plaintiff, and which was required to import this bicycle into the dominion of Canada. The bicycle was never delivered to the plaintiff at Sussex. No tender of it was ever made to her there, and it has never been transported by the defendant to Sussex; the defendant having entirely failed to comply with its contract. The plaintiff promptly notified the agent of the defendant at Sussex of the shipment of this article, and that it had not been delivered to her, and she demanded its delivery. No effort appears to have been made by the defendant to comply with its obligations; and later, in July, a letter was written by Mr. Davenport, as representing the plaintiff, stating the loss of the bicycle, and demanding payment of its value; and it was not until the 7th day of August—just two months after the delivery of the bicycle to the defendant for transportation—that the defendant seems to have made any effort to comply with its contract. It then wrote a letter from Boston, Mass., to Miss Mitchell, at Sussex, New Brunswick, stating that they had on hand a bicycle addressed to her, but could not forward it without an invoice from the party who shipped it, and requesting her to cause the shipper to fill out "the inclosed declaration," in which case it would be shipped to her. The evidence is that this notification to her came so late that the delivery of the article to her at Sussex would be of no use to her at that time; that the object for which she had purchased the bicycle was to use it during her vacation in Canada; that the bicycle itself was

of no value to her in New York or Brooklyn, where she resided; and that in consequence thereof the bicycle had become valueless to her because of the neglect of the defendant to to comply with its contract. Upon this the court gave the plaintiff a judgment for $50 as the value of the bicycle, and it is from that judgment that the defendant appeals.

The defendant admits that it failed to perform its contract to deliver this article to Sussex, that such a failure was the result of its own negligence, and there can be no doubt of the defendant's liability for the damages sustained by the plaintiff in consequence of such negligence. The defendant, however, claims the right to deliver this bicycle, not to the plaintiff at Sussex, but to the plaintiff wherever it could find her months after. We agree with the court below in the conclusion at which it arrived,—that the delivery of this bicycle to the plaintiff in New York or Brooklyn in November was not a compliance with its contract to deliver the bicycle to the plaintiff at Sussex, New Brunswick, in June. The plaintiff having the right to demand delivery of the bicycle in Sussex in June, and having made such demand, which the defendant refused to comply with, she had a right to insist that there had been a conversion of the property by the defendant, and maintain an action for such conversion. The plaintiff, having thus the right to sue for a conversion of the bicycle, commenced this action on the 19th day of November, 1896. At that time, although the defendant had been notified of the plaintiff's claim, no tender of the bicycle to the plaintiff, or any one on her behalf, had been made, and no effort appears to have been made by the defendant to perform its obligation to the plaintiff, except the writing of this letter on August 7th. The subsequent tender of the bicycle to the plaintiff would not affect the legal rights of the parties, or take away from this plaintiff a right to sue for a conversion of the bicycle. We think, therefore, that the action was properly brought; that the failure of the defendant to deliver the bicycle in pursuance of its agreement to the plaintiff at Sussex, New Brunswick, was a conversion of the bicycle, and that the plaintiff was entitled to recover as for a conversion.

The amount of damage awarded to the plaintiff as the value of the bicycle was entirely proper, under the circumstances. The only evidence as to its value was its cost price, it having been purchased immediately before the delivery to the defendant, never having been used, having been in the package from which it had been purchased from the manufacturer. As this is the only evidence as to the value, the court was justified in adopting this purchase price as the value of the article.

We agree, therefore, with the court below that the judgment appealed from was sustained by the evidence, and affirm the judgment, with costs.

RUMSEY, O'BRIEN, and PARKER, JJ., concur.

PATTERSON, J. I concur in result, for the reason that this is not a proper case in which to allow the carrier on a trial of the

action to tender the goods to the plaintiff, and thus reduce her claim
to one for nominal damages only. The ordinary rule in cases of con-
version should be applied here under the special facts of the case.