(22 App. Div. 548.)

KING v. SHERWOOD.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

CARRIERS—INJURY TO FREIGHT—MEASURE OF DAMAGES.

In case of a partial loss or injury to goods in transit, the measure of damages against the common carrier is the difference between their value in the condition in which they would have been but for the negligence of the carrier, and their value in the condition in which they are, at the time and place of delivery.

Appeal from special term.

Action by Simon King against James K. O. Sherwood, receiver of the Philadelphia, Reading & New England Railroad Company. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Milton A. Fowler, for appellant.
Fred. E. Ackerman, for respondent.

BRADLEY, J. The plaintiff alleges that the defendant "wrongfully, willfully, and negligently" injured and destroyed what was

designated as a "White House café," or "night-lunch wagon," belonging to him. The wagon was shipped at Worcester, Mass., consigned to the plaintiff, at Poughkeepsie, N. Y., and was transported to that place of destination by the defendant, upon the railroad operated by him as such receiver. While those who undertook to do it were proceeding to unload or remove the wagon from the flat car on which it had been transported, it fell off the car, and was injured. On the trial there was a controversy as to which party undertook to remove the wagon from the car, and had the direction of the process adopted to accomplish it. Upon that subject there was a conflict in the evidence of the respective parties, which presented a question of fact, which, for the purposes of this review, is deemed to have been disposed of by the decision of the trial court adversely to the defendant, since, in the view which the court was permitted to take of the evidence, the conclusion in that respect was warranted by it.

The only question requiring consideration has relation to the rule and measure of damages applicable to the case. The price paid by the plaintiff for the wagon, and the value, as stated by him, was $900. The recovery was for that amount and interest. If the result of the injury had been a total loss, or substantially so, the measure of damages adopted would have been the proper one. But as the wagon was injured and not destroyed, although it was not in condition for use without reparation, the question arises whether the plaintiff could abandon the property to the defendant, and recover its full value as damages. On the subject of the injury, the plaintiff testified that as the wagon "went over it struck on the corner of the roof." "The effect on the wagon was, it broke all the framework, and all the glass, and the inside of the roof,—the decorations on it; and the steps inside went right through the roof,—the iron steps." A witness, who was a carriage maker, called on the part of the plaintiff, after describing the injury, stated that he had examined the wagon, and made an estimate of the cost of repairing it; that he would not take the contract to do it for less than $350, and would not take it now for that, and that, "as a rule, no wreck can be put back as good as it was originally, unless it is entirely renewed." For loss of goods in transit, a common carrier is chargeable with their value at the place of destination. The doctrine of abandonment for constructive total loss is not applicable to a contract of affreightment. But in case of loss the owner of the goods, as against such common carrier, is entitled to be put in as good condition as he would have been in if they had been delivered uninjured. Shaw v. Railroad Co., 5 Rich. Law, 462; Henderson v. The Maid of Orleans, 12 La. Ann. 352; Smith v. Griffith, 3 Hill, 333; Howe v. Railroad Co., 56 Barb. 123. There is no apparent reason for denying to a common carrier the application to his liability of the general rule which requires a party whose property has been subjected to injury to make use of means available to him to lessen the damages occasioned by the fault of another. In case of a partial loss or injury, the measure of damages against the carrier is the difference between the value of the goods in the condition in which they would have been but for the negligence of the carrier and their value in the condition in which, by reason of such negligence,

they are at the time and place of delivery. Railroad Co. v. Estill, 147 U. S. 591, 13 Sup.Ct. 444. In the application of such principle and rule of damages to the present case, it is difficult to see that the plaintiff was entitled to recover the full value of the wagon. There was no evidence given tending to prove that it had no substantial market value in the condition in which it was. On the contrary, the evidence introduced by the plaintiff—which is the only evidence on the subject—was to the effect that an estimate after its injury was made by a person of the cost of repairing it, and the sum mentioned, in the manner above mentioned, was $350. The cases where the party has been permitted to recover the full value against the carrier are those where the loss was total, or the property had no available value; that is to say, where it would cost as much or more to restore the goods to the condition in which they originally were than to obtain new goods of the same character and quality. Thomas, B. & W. Manuf'g Co. v. Wabash, St. L. & P. Ry. Co., 62 Wis. 642, 22 N. W. 827; Henderson v. The Maid of Orleans, supra; The Compta, 5 Sawy. 137, Fed. Cas. No. 3,070; Smith v. Griffith, supra. By the rule applicable to marine insurance, abandonment of a ship as for a total loss by the insured is permitted only when the cost of repairs will exceed one-half the value of the vessel. It is applying a severe rule to common carriers to charge them with the entire value of property partially injured while in their care as such, when it does not appear that it cannot be substantially repaired and restored to the former condition for a sum much less than half its original cost, and when it does not appear that in its injured condition it has not an available market value. In the case of Sturgess v. Bissell, 46 N. Y. 462, cited by the plaintiff's counsel, there was a total loss of the apples. In the view taken of the case, there is no fair support in the evidence for the recovery of the full value the wagon would have had if uninjured. The acceptance by the plaintiff of the property would not prejudice his right to recover damages for the injury to it. Bowman v. Teall, 23 Wend. 306. The action in the case of Mitchell v. Weir, 19 Misc. Rep. 530, 43 N. Y. Supp. 1123; Id., 19 App. Div. 183, 45 N. Y. Supp. 1085,—was for conversion of the property, and the recovery was had and supported as for that cause.

The judgment should be reversed, and a new trial granted; costs to abide the event. All concur.