### JESSUP v. PLATT.

(Supreme Court, Appellate Term. May 13, 1912.)

1. CARRIERS (§ 105*)—DELAY IN DELIVERY—DAMAGES—VALUE OF USE.

Where there has been a delay in the delivery of goods intended for a particular immediate use, the owner may recover as damages the value of such use during the period of detention.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. § 105.*]

2. CARRIERS (§ 105*)—GOODS SHIPPED FOR IMMEDIATE USE—DELAY IN DELIVERY—MEASURE OF DAMAGES.

In an action against a carrier for delay in delivering goods shipped for immediate use, the plaintiff is not limited to a recovery of interest on the value of the property during the period of detention, but may recover in tort full indemnity, consisting of the necessary expense incurred by reason of such negligent delay, including expense in searching for the property and the cost of purchasing new goods, less the value thereof after use, etc.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 451–458; Dec. Dig. § 105.*]

Lehman, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Henry W. Jessup against Frank H. Platt, as treasurer of the United States Express Company. Judgment for plaintiff for nominal damages, and he appeals. Reversed.

Argued March term, 1912, before GUY, LEHMAN, and BIJUR, JJ.

Daniel D. Sherman, of New York City (Henry W. Jessup, of counsel), for appellant.

O'Brien, Boardman & Platt, of New York City (R. F. H. MacDonald, of counsel), for respondent.

GUY, J. This action is brought to recover damages resulting from the alleged negligence of the defendant, a common carrier, in with-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

holding and failing to promptly deliver a golf club, which was delivered by plaintiff to defendant at Montrose, Pa., to be forwarded to a consignee in the city of New York, for the purpose of immediate repair and prompt redelivery to the plaintiff.

Plaintiff testified that on the 15th day of July, 1911, he broke his Tom Morris cleek, a club which had been shaped to suit his peculiar idiosyncrasies as a golf player, in the use of which club he had attained great proficiency; that, upon offering the broken club for shipment to defendant's agent, he stated to the agent that he was in trouble; that his golf was spoiled and his club was broken; that he was on his vacation, was soon to play a match game, and he wanted the club shipped at once, so that it might be repaired and immediately returned. Defendant's agent furnished plaintiff with twine and tags, and plaintiff tied a tag to the club in defendant's office, and wrote on the tag the address of the consignee. Defendant's agent then accepted the club, and forwarded it to New York the same day. It is conceded that reasonable time for a shipment to reach New York was one day. Upon delivering the club for shipment, plaintiff sent an order to the consignee to immediately repair and return it to him at Montrose. On the 18th of July plaintiff went to the express company, and was told that the club had not arrived. He telegraphed to New York, and received an answer that it had not been delivered to the consignee. On the 19th of July he communicated with the agent of the defendant, and asked him to telegraph to New York, but the agent stated that he would make the report in the usual way. Plaintiff then wrote a letter setting forth the facts, and delivered it to defendant's agent, who attached a copy to his waybill and statement in regard to the matter, and mailed it to the claim agent in New York. In the letter, plaintiff requested the immediate tracing and return of the cleek, and stated that the matter was urgent, that the use of the cleek was worth $5 a day to him, and that he could not play without it.

On July 25th, the club not having been delivered, and plaintiff having received no reply to his previous letter, he again wrote the defendant company, urging them to forward his club, stating that it was a very expensive club to start with; that he had been offered very many times what he had paid for it; that, as a result of numerous experiments, he had finally reshafted the iron so as to make it one of the most powerful clubs he had ever seen, capable of driving 225 yards; that with it he was able to play the drive and second shot with the same club, which was an enormous advantage; that it could not be duplicated; and that on the following Saturday he had to play a match game, and could not do without this club. The letter was delivered by plaintiff's representative to an authorized agent of the defendant, who replied: "We have not yet taken the matter up." On July 27th the plaintiff came to New York to look for his club, expending about $12.75 for traveling expenses, and $2.25 in the purchase of a substitute club, which turned out to be entirely unsatisfactory. The club shipped by plaintiff was finally found and delivered to the consignee on July 29th, 14 days after its delivery to the defendant. Plaintiff now sues to recover, by reason of defendant's negli-

gence, the expenses necessarily incurred by him in searching for his club, and the value of the use of the club during the time he was de-' prived of such use.

The trial judge, learned in all things but golf, has evidently misconceived this case, and treated it in a spirit of levity not at all warranted by the facts. The evidence shows an utter failure on the part of the defendant to exercise reasonable care in insuring prompt delivery to the consignee, though it had full knowledge of the necessity for prompt delivery.

[1] The rule is well settled that, where there has been a delay in the delivery of goods intended for a particular immediate use, the owner may recover as damages the value of its use during the period of detention. Fairfax v. N. Y. C. & H. R. R. Co., 73 N. Y. 167, 172, 29 Am. Rep. 119; 13 Cyc. 158; Priestly v. Northern Indiana R. Co., 26 Ill. 205, 79 Am. Dec. 369.

[2] While formerly the rule prevailed that interest, during the period of detention, upon the value of the property wrongfully or negligently detained, was the proper measure of the value of the use, our courts have of late recognized the inadequacy of damage so measured, where the property detained was intended for an immediate special use, and where this fact was made known to the person by whom the property was wrongfully detained. The aim of the law in awarding damages in an action for tort is to give the injured party full indemnity. Allen v. Fox, 51 N. Y. 562, 10 Am. Rep. 641. An action for damages resulting from delay, for which the carrier is liable, may be founded in tort, even though the contract for shipment does not specify any time within which the transportation is to be completed. 6 Cyc. p. 448.

In McPeek v. W. U. Tel. Co., 107 Iowa, 356, 78 N. W. 63, 43 L. R. A. 214, 70 Am. St. Rep. 205, it was held that a telegraph company for its failure to promptly deliver a message was liable for all the injurious results which flowed therefrom by ordinary, natural consequence, without the interposition of any other negligent act. In Rollins v. Bowman Cycle Co., 96 App. Div. 365, 89 N. Y. Supp. 289, defendant, having received plaintiff's bicycle for repair, and having agreed to ship it express prepaid to Portland, Me., and charge plaintiff's account for the repairs, refused to ship except on prepayment of the charges. Plaintiff thereupon purchased another wheel, used it on his vacation, and brought it back to New York City. It was held that he was entitled to recover the value of the purchased wheel, less its value when brought back by him to the city. The same rule is recognized in Mitchell v. Weir, 19 Misc. Rep. 530, 43 N. Y. Supp. 1123, affirmed 19 App. Div. 183, 45 N. Y. Supp. 1085.

Lord Chief Justice Cockburn, in Simpson v. London & N. W. Ry., Q. B. 1875–1876, vol. 1, pp. 273–277, states the principal of law applicable to cases of this character as follows:

"The principle is now settled that whenever either the object of the sender is specially brought to the notice of the carrier, or circumstances are known to the carrier from which the object ought in reason to be inferred, so that the object may be deemed to have been within the contemplation of both parties, damages may be recovered for the natural consequences of the fail-

ure of that object. * * * As to the supposed impossibility of ascertaining the damages, I think there is no such impossibility. To some extent they must no doubt be matter of speculation; but that is no reason for not awarding any damages at all."

Necessary expense incurred by the owner of the goods on account of negligent delay of the carrier in delivering them at their destination may be recovered, such as expense in searching for the property. 6 Cyc. p. 452; Swift River Co. v. Fitchburg R. R. Co., 169 Mass. 326, 47 N. E. 1016, 61 Am. St. Rep. 288.

The judgment in favor of plaintiff for one cent and costs was not in accord with the evidence, and did not properly or adequately represent plaintiff's damage. He is entitled to recover moneys necessarily expended by him in searching for the property wrongfully detained, and the $2.25 expended in purchasing a new club, less its value after use, upon plaintiff's return from his vacation (James v. Midland Ry. Co., 50 Law Times Reports, p. 426), and, so far as the same may be established by competent proof, the reasonable value of the use of the club detained during the period of its wrongful detention.

The judgment must, therefore, be reversed, and a new trial ordered, with costs to appellant to abide the event.

BIJUR, J., concurs.

LEHMAN, J. (dissenting). The defendant received a golf club from the plaintiff for transportation to New York. Through defendant's negligence, the delivery of the golf club was unreasonably delayed. The trial justice found these facts in plaintiff's favor, and awarded him one cent damages. Though, like the trial justice, I am not learned in golf, my acquaintance with golf players leaves no doubt in my mind but that the failure to deliver to the plaintiff a golf club to which he was attached substantially deprived him of the enjoyment of his vacation. It is therefore in no spirit of levity, but rather in a spirit of sympathy, that I have reached the conclusion that, while the award of one cent damages can in no degree compensate him for his loss of pleasure, it is not in any legal sense inadequate. The law gives to the plaintiff no balm for his outraged feelings, but merely attempts to reimburse him for the value of the use of the club during the time when he was wrongfully deprived of its use. The rental value during the interim would ordinarily furnish a full and sufficient compensation, but I am informed by my Associates, learned in golf as in all other things that, when a golfer has found a club peculiarly adapted to his own physique and style, the value of the use of that club cannot be estimated by its rental value to some other person, for no real golfer could be content with golf clubs picked out at random. It would rather appear that such clubs have no rental value, and that, if the plaintiff is limited to the recovery of the rental value, then the trial justice correctly awarded merely nominal damage. It is true that the rental value is ordinarily adopted as the measure of damages merely because it does ordinarily furnish an adequate compensation for deprivation of use, but, where the article is of a peculiar nature so

that no substitute can be rented and the deprivation of its use causes peculiar injury to the owner, he is entitled in a case where notice of its peculiar character and use was given to show its actual value to him. The plaintiff is entitled to the benefit of this rule, but, on analysis of the injury suffered by the plaintiff and of the value of the club to him, I find only injury to his feelings and value only as adding to his enjoyment, and these are elements which our law, the creature of a materialistic age and race, takes no account. The plaintiff points as authority for his contentions to the case of Mitchell v. Weir, 19 Misc. Rep. 530, 43 N. Y. Supp. 1123, affirmed 19 App. Div. 183, 45 N. Y. Supp. 1085. It is true that that case illustrates the tendency of the modern courts to recognize that loss of pleasure may be of real importance, but even in that case the court did not consider the loss of enjoyment as an element of damage, but only held that a conversion may be shown by a deprivation of the enjoyment of an article intended for pleasure as well as by deprivation of the enjoyment of an article intended for other use. If, therefore, we abandon the rental value as a measure of damages, I do not find proof of any other value of the use of the club.

The plaintiff also claims that he is entitled at least to reimbursement for a trip to New York in an effort to purchase a substitute club. I can find nothing in the case that would justify us in holding that these damages directly flow from the defendant's negligence, or that they could have been within the contemplation of the parties when the club was delivered.

The plaintiff further claims that he is entitled to recover the cost of the substitute club, but its cost is obviously not the measure of his damages.

I agree entirely with the views of my Associates as to the rule of damages applicable to this case. I cannot, however, find in the record any evidence which would justify the trial judge in granting substantial damages under this rule.

In my opinion, therefore, the judgment should be affirmed.