PRO YO STY, J.
A carload of cotton seed received by the plaintiff company at its oil mill over the railroad of the defendant company was found to be heating and rotting. The plaintiff company caused the local agent of the defendant company to come and see the condition of the seed, and then ran it through its mill, converting it into various products.
This suit is in damages for the loss alleged to have been sustained from the deterioration of the seed.
In the case of Henderson v. Ship Maid of Orleans, 12 La. Ann. 352, this court said:
“The measure of damage is the difference between the value of the goods in their damaged state, and their value at the port of destination ihad they been delivered in good order. That 'difference in value should have been ascertained by a public sale to the highest bidder.”
In Smith v. Barque W. H. Wall, 18 La. Ann. 724, this court said:
“No sale of the damaged goods was made to ascertain, with exactness, the extent of their damage. The opinion of this court in the cases. Henderson v. Ship Maid of Orleans, 12 La. Ann. 352, and Elkin & Co. v. N. Y. & N. O. Steamship *204 Co., 14 La. Ann. 647, was that damages should be established by sale, before a judgment for the recovery of damages could be had against a carrier, for goods damaged while intrusted to his care.” 1
The defendant company, while denying any fault on its part, relies upon these decisions.
The plaintiff company contends that this rule requiring a public sale to be made is not inflexible; and that it was properly disregarded in this case, where the rapidity with .which the goods were deteriorating required prompt action; and that, moreover, the defendant company, although fully advised of the situation, did not ask that a sale be made; nor thereafter complain at the course adopted, which was, evidently, the best in the interest of all parties concerned.
The district court adopted that view, and the court of appeal affirmed the judgment. But, we think, in error; the rule thus laid down by the decisions of this court should be followed in all cases in which it is applicable, and certainly in the case of goods with a known market value like cotton seed; a party is not at liberty to disregard it; and we think that the defendant company, occupying an altogether negative and defensive attitude in the matter, was under no legal necessity to suggest to plaintiff what was the legal course to be followed should plaintiff harbor intentions of a lawsuit.
The logical foundation of this rule is that, in any ease .where an approximately certain mode of arriving at the amount of loss is available to a party, it is not to be disregarded by him for having recourse to opinion evidence, an unsatisfactory kind of evidence which the law accepts only for want of a better. The testimony shows that it is not usual,, or, perhaps, practical, to run such damaged seed separately through the mill. Had it been possible to do so, however, and it had been done, perhaps a comparison between the result obtained and that usually obtained from sound seed would have been as certain a mode of arriving' at the loss as by a public sale, and legally as acceptable as evidence; but this was not done.
The judgments of the district court and of the court of appeal are therefore set aside, and the suit of plaintiff is dismissed. Plaintiff to pay all costs.