RAMON J. BOERA and ALVARO BOERA, etc., Appellants, *v.* HIJOS DE JOSE TAYA, S., EN. C., Respondent.

(Supreme Court, Appellate Term, First Department, May, 1919.)

Contracts — breach of — carriers — bills of lading — conversion — judgments — pleading.

> Where upon a complaint framed for breach of contract to deliver certain goods which defendant admitted were lost through its negligence, practically amounting to a conversion, and conceded liability to the amount of $432, the invoice value as stated in the bill of lading, and it was stipulated that the market value of the goods at the point where they should have been delivered was $1,440, a judgment for the invoice value will be modified by increasing the recovery to said market value with interest less unpaid fre'ght and as so modified the judgment will be affirmed.

APPEAL by plaintiffs from judgment of the City' Court of the city of New York entered in their favor and from order denying their motion for a new trial.

Finkler & McEntire (Frank I. Finkler, of counsel), for appellants.

Kirlin, Woolsey & Hickox (Robert S. Erskine, of counsel), for respondent.

GUY, J. The complaint alleges that on or about January 25, 1917, the plaintiffs' shipper at Barcelona, Spain, delivered to the defendant 500 cases of onions for delivery to the plaintiffs in New York, and defendant issued its bill of lading for the merchandise by steamship; that the plaintiffs duly demanded of the defendant delivery of the 500 cases and the defendant has failed to deliver 144 of the cases, to plaintiffs' damage in the sum of $1,440. No oral evidence was given on the trial, which consists of stipulations and admissions made in the course of discussion between the court and counsel. Defendant conceded liability for the property to the amount of $432, or three dollars per case, the invoice value as provided by the bill of lading in case of loss; and it was stipulated that the value in the New York market was ten dollars a case. The carrier admitted that the property was lost through its negligence; and at the close of the discussion defendant's counsel stated, '' I will admit, as far as we can show, that they [the onions] were delivered to the wrong party.''

Upon the theory that the complaint was framed for breach of contract, or at least that it was doubtful whether it was for contract or tort and therefore should be considered as for breach of contract (*Barber* v. *Ellingwood,* 137 App. Div. 704, 712; *Catlin* v. *Adirondack Co.,* 11 Abb. N. C. 377), the learned trial judge gave plaintiffs judgment for the invoice value of the property, $432, and plaintiffs appeal, claiming to be entitled to $1,440, the market value of the shipment at New York.

The admission of defendant's counsel showed a conversion of the property by defendant (*Magnin* v. *Dinsmore,* 70 N. Y. 410), and no valid reason is apparent why plaintiffs should not have adequate redress for their grievance by a recovery of the mar-

ket value of the property. 3 Suth. Dam. (4th ed.) § 931; *King* v. *Sherwood,* 22 App. Div. 548–550. While the facts set out in the complaint are appropriate to a recovery for mere breach of contract they are also sufficient, in the light of defendant's admission, although the word " converted " is not used in the pleading, to establish a conversion, and the parties having seen fit to dispose of the controversy by concessions from which it appears that the carrier had converted the property, it would be a sacrifice of substance to mere form to deprive the consignees of their right to adequate compensation for the wrong. If, however, an amendment of the pleading were necessary the complaint may on this appeal be deemed amended to conform to the conceded facts. *Cohu* v. *Husson,* 113 N. Y. 662.

Judgment modified by increasing the recovery to $1,440, with interest from February 23, 1917, less unpaid freight, and as modified affirmed, with costs to the appellants in this court and the court below.

WHITAKER and FINCH, JJ., concur.

Judgment modified, and as modified affirmed, with costs.