No. 8858.
Orleans Appeal.

UNITED PANTS MFG. CO. v. AMERICAN RY. EXPRESS CO., Appellant.

(March 30, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana Digest—Carriers of Passengers and Goods—Par. 115 (129), 137
A consignee has no right to refuse to accept goods on the ground of delay in delivery; his duty is to receive the goods and to sue for such damages as he has suffered by reason of the delay.

Appeal from Civil District Court, Hon. Wynne Rogers, Judge.

This is a suit for the recovery of $120, value of 12 men's suits shipped by plaintiff to Wells & Co. at Rayville, La., through the defendant company, and not delivered.

Judgment for plaintiff. Defendant appealed.

Judgment reversed.

Gabriel Fernandez, Jr., attorney for plaintiff and appellee.

A. A. Moreno, attorney for defendant and appellant.

CLAIBORNE, J. This is a suit for the recovery of $120 value of 12 men's suits shipped by plaintiff to Wells & Co., at Rayville, La., through the defendant company, and not delivered.

The defendant admitted the receipt of the suits; it admitted that they were not delivered because the consignee refused to accept them; it alleged a tender of the same to the consignee.

There was judgment for plaintiff and defendant has appealed.

The evidence is that the plaintiff first ascertained about January 16, 1919, that the consignee had not accepted the shipment; the defendant did not notify the plaintiff of this until March 6, 1919; the plaintiff then refused to accept the goods on account of the delay and because they were out of season, and asked for payment of their value, which the defendant refused; hence this suit.

The defendant argues that the plaintiff had no right to refuse to accept the goods and to abandon them to the Express Company as in case of failure to deliver or practically to sell them to the defendant; that it was the duty of the plaintiff to have received the goods in order to minimize the loss, and to have sued the defendant for any loss.

They rely upon the two cases of Corso vs. RRD, 48 La. Ann. 1286, 20 South. 752; and

Silverman vs. St. Louis RRD., 51 La. Ann. 1785, 26 South. 447.

In the first case the Court said in reference to damaged freight:

"It was the duty of the consignee to have received it and tested the liability of the defendant for the damage, if any had been sustained, as the acceptance of the goods would not have affected the question. * * * It would be an extreme case which would justify a refusal by a consignee to receive freight when notified."

In the second case also of damaged goods, the Court rested its opinion upon the case of Henderson vs. Ship, 12 La. Ann. 352 in which the Court said:

"The measure of damages is the difference between the value of the goods in their damaged state, and their value at the port of destination had they been delivered in good order. Rathborn vs. Neal, 4 La. Ann. 566. That difference in value should have been ascertained by a public sale to the highest bidders. 10 La. Ann. 796. The doctrine of abandonment for a constructive total loss has never been applied that we are aware of to the contract of affreightments." Affirmed in Elkin vs. N. Y. & N. O. Steamship Co., 14 La. Ann. 647; Harris vs. Stubenrauch, 18 La. Ann. 724; see also 12 Ct. App. 158, 6 Cyc. 529.

The same doctrine applies in cases of delay in delivery.

5 Am. and Eng. Enc. Law, p. 220 (2nd Ed.), S. 8:

"A failure by the carrier to deliver goods within a reasonable time does not constitute a conversion, but a mere breach of contract, and the consignee cannot refuse to accept the goods on the ground of the delay and recover their full value unless the delay destroys the value of the goods entirely or causes what is equivalent to a total loss."

"It is only in extreme cases that the consignee is warranted in refusing a shipment on account of a depreciation in its value resulting from a mere delay in its delivery; upon notice of its arrival, whether early or late, he should receive the goods and dispose of them for such price as they will command, and the difference between such price and the amount he would have realized had the delivery been prompt is the measure of damages he is entitled to recover." 6 Cyc. 449 (h), 10 C. J. 307, S. 444; 6 Cyc. 450 IV.

"In general, depreciation in value due to delay may be recovered; that is, the person entitled to recover on account of delay may have the difference between the market value at the time and place where the goods should have been delivered, and their market value at the time and place of actual delivery if there has been a depreciation." 10 C. J. 309, S. 445.

It has been held "that the carrier is not bound to give the consignee notice of refusal of the consignee to accept." 6 Cyc. 474, S. 5.

It is therefore ordered that the judgment appealed from be reversed and set aside, and that there be judgment in favor of defendant rejecting plaintiff's demand at his cost.