## CITY COURT OF NEW YORK.

### EPHRAIM HOWE agt. JAMES P. WELCH.

*Statute of Limitations — As applied to non-resident debtors — Code of Civil Procedure, section 390.*

Except as limited by section 390 of the Code of Civil Procedure, that section extends to non-resident debtors the protection of the Statute of Limitations in all cases where it has run according to the laws of the debtor's residence.

In determining this question the foreign law, as interpreted by the local courts of the state whose statute is invoked, must prevail. In other

Howe agt. Welch.

words, under our Code foreign debtors are allowed to bring with them the protection which their home government gives them while there — nothing more.

The courts of this state will not construe foreign statutes, but must accept the interpretation the local courts of the particular state place upon them. Each state is the best interpreter of its local laws.

*General Term, April,* 1886.

APPEAL from an order setting aside a verdict directed in favor of the plaintiff, and ordering judgment for the defendant.

*Stickney & Shepard* and *N. S. Spencer,* for plaintiff.

*Abbott Bros.,* for defendant.

MCADAM, *C. J.*—Prior to the amendment contained in section 390 of the Code, a plea of the Statute of Limitations of another state or country, where the contract was made or the debtor resided, was no bar to an action upon the contract in this state, because the *lex fori* governed (*Miller* agt. *Brenham,* 68 *N. Y.,* 83). The axiom of the law "that where there is a discharge by the law of one state or country it will be a discharge in another," does not apply to statutory discharges, because the laws of the state under which the discharge was granted have no extra territorial force, and for that reason the laws of limitation of a foreign state or country cannot of themselves be pleaded in bar to an action in this state, unless with the consent of the state, or in other words, except under the sovereign authority of the laws of the forum. It is therefore solely to our polity and laws that we must look for a determination of the question as to how far the laws of limitation of foreign states or countries are to be respected here.

On grounds of state comity the legislature of this state, by an amendment contained in section 390 of the Code (with certain exceptions irrelevant to this case), extended to non-resident debtors the protection of the Statute of Limitations in all cases where it had run and effectually discharged the debt accruing

to the laws of the debtor's residence (*see Throops notes to sec.* 390 *of the Code*). In other words, if the statute of their own state as construed and enforced by their own courts protected them, foreign debtors were allowed to leave their homes and bring within the protecting ægis of our statute the protection which their home government gave them — nothing more.

To go further would be to extend to residents of other states advantages greater than their own laws afforded, a construction which brings no logical reason to its support. The defendant came from Iowa, and under the statute of limitations of that state, as construed by the Iowa courts, the controlling authority as to the proper construction of their local statutes (*Wharton on Conflict of Laws, sec.* 776), the debtor's promise to pay, although conditional, amounted to an acknowledgment of the continued existence of the debt, negatived the presumption of payment, and saved the case from the operation of the statute. Not being outlawed in Iowa, the home of the debtor, the debt is not outlawed here by force of the state comity evidenced by the provisions of section 390 of our Code. State comity does not require the courts of this state to interpret the local statutes of Iowa differently than the courts of that state construe them, for if upon the same proofs offered here the plaintiff could have recovered a judgment in Iowa, if the defendant had been sued there instead of in this forum, the same result ought on logical principles to follow here. In other words, Iowa law should not have one meaning there and another elsewhere.

This seems to us to be the proper test to be applied and the fair interpretation to be placed on the statute under examination, and the only one which can prevent an unseemly conflict of construction between the courts of the two states, a clash which every principle of state comity seems to require us to avoid. The trial judge therefore properly directed a verdict in favor of the plaintiff, but he erred in setting it aside and directing judgment for the defendant. The error was caused by ignoring the construction applied by the Iowa courts to their local statute, in *Penley* agt. *Waterhouse* (3 *Iowa*, 418), *Bayliss*

agt. *Street* (51 *Iowa*, 627), *Ayres* agt. *Bane* (39 *Iowa*, 518), and by applying to that statute a different mode of interpretation, which has been adopted in this state in reference to its own local statute of an almost similar nature.

The true rule to follow, in cases depending on the laws of a particular state, is to adopt the construction which the courts of that state have given to those laws (*Angell on Limitations* [*6th ed.*], sec. 24; *Elmendorf* agt. *Taylor*, 10 *Wheat.*, 152, 159; *Bell* agt. *Morrison*, 1 *Pet.*, 351, 360; *Leffingwell* agt. *Warren*, 2 *Black*, 599). The reason for the rule is, that the courts of every state and country must be presumed to be the best expositors of their own laws and of the terms of contracts made with reference to them; and, as judge STORY observes: "No court professing to be governed by principle would assume the power to declare that a foreign court misunderstood the laws of their own country " (*Story on Conflict of Laws, sec.* 277).

Judge SWAYNE, in *Leffingwell* agt. *Warren* (*supra*); said: "The courts of the United States * * * recognize the statute of limitations of the several states, and give them the same construction and effect which are given by the local tribunals. * * * The construction given to a statute of a state by the highest judicial tribunal of such state is regarded as part of the statute, and is as binding upon the courts of the United States as the text." These views practically dispose of this appeal. We have examined the exceptions taken, and have considered the technical objections urged to matters of form and substance, and hold that, in view of all that appears in the record, they are without force. It follows that the order appealed from must be reversed, with costs, and the plaintiff permitted to enter judgment on the verdict originally directed in his favor.

HYATT, J., concurred.