(36 Misc. Rep. 187.)

MATTHEWS et al. v. DICKINSON.

(Supreme Court, Appellate Term.   October, 1901.)

MARRIED WOMAN—FAMILY EXPENSES.

    Rev. St. Ill. c. 68, § 15, provides that the expenses of the family shall
be chargeable on the property of both husband and wife, in favor of
creditors, and that they may sue jointly or separately in relation thereto;
and such statute has been construed by the courts of such state to mean
that goods purchased by the husband constitute an expense of the fam-
ily.  *Held*, that a creditor could sue the wife alone in New York to re-
cover a balance due for clothes purchased by the husband in Illinois at
a time when all the parties resided there, though no such right was given
him by the law of New York.

    Appeal from municipal court, borough of Manhattan, Tenth dis-
trict.

    Action by George W. Matthews and others against Sarah F.
Dickinson.   Judgment for defendant, and plaintiffs appeal.   Re-
versed.

    Argued before FREEDMAN, P. J., and McADAM and GIL-
DERSLEEVE, JJ.

    Henry L. Maxson, for appellants.

    Holm & Smith (Victor E. Whitlock, of counsel), for respond-
ent.

    McADAM, J.   The action is to recover $100,—a balance of the
agreed price of a suit of clothes furnished by the plaintiffs to the
husband of the defendant in December, 1894.   All the parties at the
time resided in the state of Illinois, and the contract was made
and performed there, so that their rights and liabilities must be
determined by the laws of that state.   The action is founded on the
statutes of Illinois revising the law in relation to husband and wife,
section 15 of chapter 68 of which revision provides that "the ex-
penses of the family and of the education of the children shall be
chargeable upon the property of both husband and wife, or of
either of them, in favor of creditors therefor, and in relation there-
to they may be sued jointly or separately."   This section was copied
from a statute of Iowa, and has been construed both by the Iowa
and Illinois courts.   Following the construction placed upon this
section by the Iowa courts, the appellate court of Illinois, in Hud-
son v. King, 23 Ill. App. 118, held that it applied to the expenses
of the family, without limitation or qualification as to kind or
amount, and without regard to the wealth, habits, or social posi-
tion of the party; that goods purchased by the husband for his in-
dividual use, and used by him exclusively, constitute a family ex-
pense, within the statute.   Under this liberal construction of the
act, it is clear that if the defendant had remained a resident of
Illinois, or if she should return to that state, she would be holden
for the obligation sued upon; and being liable there, the liabilities
may be enforced in like manner in the courts of this state.   The
argument that the statute will not bear the interpretation placed
upon it by the case cited is without merit.   The lex loci contractus

determines the nature, validity, obligation, and legal effect of the contract, and prescribes the rule of its construction and interpretation. Dyke v. Railroad Co., 45 N. Y. 113, 6 Am. Rep. 43. And the rule is that, in interpreting the laws of another state, the construction placed thereon by the courts of that state should be adopted; the courts of that state being presumed to be the best expositors of their own laws. Howe v. Welch, 17 Abb. N. C. 397; Story, Confl. Laws, § 277; Jessup v. Carnegie, 80 N. Y. 441, 36 Am. Rep. 643; Hunt v. Hunt, 72 N. Y. 236, 28 Am. Rep. 129; Faulkner v. Hart, 82 N. Y. 413, 37 Am. Rep. 574; Leonard v. Navigation Co., 84 N. Y. 48, 38 Am. Rep. 491; Town of South Ottawa v. Perkins, 94 U. S. 260, 24 L. Ed. 154; Hoyt v. Thompson, 3 Sandf. 421; Association v. O'Brien, 51 Hun, 51, 3 N. Y. Supp. 764.

The respondent urges that the foreign statute should not be enforced by the courts of this state, because hostile to its settled policy and law. The same argument was presented in Wright v. Remington, 41 N. J. Law, 48, wherein a wife was sought to be charged as security on a note made in Illinois by her husband. It appeared that a statute of that state contained a provision that "contracts may be made and liabilities incurred by a wife, and the same enforced against her in the same manner as if she were unmarried." The Illinois statute was in direct conflict with a statute of New Jersey on the same subject, and yet the supreme court of New Jersey held that such contract was not so in conflict with the general interest of the body of the citizens of that state, or its public policy, as to afford a reason for nonenforcement of the contract in New Jersey. So with the contract sued on here. The parties resided in Illinois, and made the contract with reference to the laws of that state; and, now that the creditors seek to enforce their demand according to the presumed intention of the parties, it cannot be that the policy of our state is so offended by the bringing of an action as to require its courts to deny to the plaintiffs a right of recovery. It was therefore error for the court below to find in favor of the defendant, and the judgment must be reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.