JAMES M. STRONG and Another, Comprising the Firm of STRONG BROS., Plaintiffs, *v.* RAYMOND A. SMITH, Defendant.

County Court, Suffolk County, October 3, 1933.

HAWKINS, J.   Judgment for the plaintiffs has been entered by reason of default in appearing or answering to the complaint, and the defendant moves to set the judgment aside as unwarranted.

Within twenty days after the service of the summons and complaint, and on March 27, 1933, the defendant, instead of answering, made a motion, pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice, for an order dismissing the complaint on the ground that the action was barred by the Statute of Limitations. This was tantamount to an appearance, argues the defendant, and nothing should have been done until the entry of an order on the motion.

On May 8, 1933, an opinion was rendered by the court, holding that the motion must be granted and dismissing the complaint with leave to serve an amended complaint within twenty days after service of notice of an order thereon, and this opinion was filed in the office of the clerk of the court on May tenth, and copies thereof were immediately mailed to and were received by the attorneys for the plaintiffs and the defendant.   Neither the defendant nor the plaintiffs presented or entered an order on the motion, and finally, on June 15, 1933, the plaintiffs caused the judgment to be entered.

The defendant says that even though he did not enter an order on his motion to dismiss the complaint, an order should have been entered thereon by the plaintiffs rather than a judgment which ignored the existence of the filed opinion holding that the motion should be granted.   He further says that he did appear by making his motion and could not be held in default until the motion was determined by an order entered thereon.   In opposition, the plaintiffs argue that this motion to set aside the judgment should be denied because every motion to vacate a default judgment is addressed to the discretion of the court and the discretion should not be exercised here in favor of this defendant, who had been the attorney for the plaintiffs a great many years and presented only a technical defense in this action for goods furnished him and further because of the moral obligation to pay the claim.

This motion is not addressed to the discretion of the court. The defendant's contention is that in point of law the judgment was unauthorized.   The motion is not to relieve the defendant from a default in answering, but is to set aside the judgment entered in spite of the opinion which upheld the availability to this defendant of the bar interposed by his motion.

The defense available to a person under the Statute of Limitations is purely personal. It may be waived. The bar is advanced by an express promise to pay or by payment on account within the period; it is removed by an express promise to pay or part payment after the period has expired. The privilege of relying on the defense may also be waived. This may be done verbally or, as is the case with all waivers, by conduct which indicates clearly a definite intention not to rely thereon.

The opposing affidavit here states that, even before the opinion was rendered, the defendant told the attorney for the plaintiffs that no matter what the decision might be, " he would make a settlement because there was a moral responsibility to pay what was owing by him to these plaintiffs; " that, shortly after the opinion, the defendant told the plaintiffs' attorney that if his clients would take ten shares of certain bank stock in settlement of the claim, he would settle it in that way, provided he would be given the option to redeem the stock within six months at $2,000; that he said at the time that he was going out of town and would be back in about two days; and that on his return this settlement arrangement was definitely agreed upon.

These facts, presented in the affidavit in opposition to this motion, are not controverted.

It is further averred that after it was thus agreed to dispose of this claim, the defendant, who is a member of the bar, drafted a release to be executed by the plaintiffs, but that the release purported to release not only the defendant from any claims that the plaintiffs might have, but also the defendant's wife, and this the plaintiffs refused to execute, because of other claims against the wife. It is also stated that plaintiffs' attorney " urged the defendant upon various occasions to carry out his pledged word and agreement, and the defendant did not do so." When five weeks had passed by since the opinion was rendered and nothing had been done thereon by the defendant, and no answer had been interposed to the complaint, the plaintiffs entered judgment by reason of the failure of the defendant to appear or answer.

These uncontroverted facts indicate a waiver of the privilege and an abandonment of the motion based thereon. Negotiations for settlement, where a defendant has the privilege of setting up the bar of the statute, would not alone indicate a waiver; but here we have more. After making his motion, the defendant said that no matter how it might be decided, he would make a settlement because of his " moral responsibility to pay what was owing by him to these plaintiffs," and, after the opinion was handed down, he went through with the negotiations to carry out what he had

said. These uncontroverted facts, coupled with the failure to present or enter an order on the motion, evidence clearly a waiver of the privilege accorded by the statute and an abandonment of the motion. The motion having been abandoned, it became a nullity and the plaintiffs were at liberty to enter the judgment.

The motion to vacate the judgment will, therefore, be denied, without prejudice, however, to the defendant to move to open his default in appearing or answering on a showing of merits.