Lucia Tedesco and Ruggerio Tedesco, as Administrators, etc., of Joseph Tedesco, Deceased, Respondents, v. Metropolitan Life Insurance Company, Appellant.— Motion for leave to appeal to the Appellate Division denied, with ten · dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

Maurice J. Woods, as Executor, etc., of Philip Woods, Deceased, Respondent, v. John Feeney, Catherine Feeney, Louis O'Donnell and Others, as Executors, etc., of James T. O'Donnell, Deceased, Appellants.— Motion for reargument denied, with ten dollars costs. It was incumbent on the plaintiff in seeking to recover on an alleged loan, represented by no writing and against which the Statute of Limitations had run, to show that the obligor, now deceased, had revived the debt by payment in his lifetime. To establish that fact required clear and convincing evidence, and the plaintiff could not depend upon alleged casual admissions of the son, the refusal of the trial justice to find that there had not been payments, or the admission in the answer that the debt had been fully paid through favors and the like. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

Eileen Balfe, an Infant, by Joseph Balfe, Her Guardian ad Litem, and Joseph Balfe, Individually, Respondents, v. Charles Kramer, Appellant.— Action to recover damages for personal injuries sustained by the infant plaintiff and the damage to plaintiff father resulting from the claimed negligence of the defendant. Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. The court erred in permitting the jury to determine as a matter of fact whether or not the defendant's going through a red light at the intersection to the south of the scene of the accident was a proximate cause of the accident, and in refusing the defendant's request to charge as a matter of law that even if the jury found that the defendant entered the block in which the accident occurred, in violation of the overhead traffic light at the intersection, such violation, under the circumstances of this case as shown in the record, could not have been the proximate cause of the accident. Lazansky, P. J., Hagarty and Adel, JJ., concur; Carswell, J., concurs in result; Davis, J., dissents and votes to affirm, in memorandum: The defendant's automobile undoubtedly passed the red light and thus started the chain of events that led to running down this small child crossing the street about 350 feet beyond the light within his plain view. This illegal act on his part was one of the proximate causes of the accident constituting an element of his negligent conduct. The claimed errors or omissions in the charge were immaterial in view of the untruthful testimony of the defendant and the conclusive proof concerning his indifference to the safety of others and his negligent acts in respect to the infant plaintiff.