UNITED TRUST CORPORATION, Plaintiff, *v.* WILLIAM N. BURGESS, JR., Defendant.

Supreme Court, Special Term, Chemung County, December 20, 1940

*Hassett, Rhodes, Hassett & Findlan*, for the plaintiff.

*Phillips & Garey*, for the defendant.

DEYO, J. The action is brought on a promissory note dated at Elmira Heights, N. Y., on March 13, 1927, in the amount of $479.72, made by the defendant in favor of the plaintiff, whereby the defendant promised to pay the sum due on demand, with interest at the rate of eight per cent. The note further provided: " I having deposited with this obligation as COLLATERAL SECURITY, 10 Shares United Trust Corporation Preferred Class ' A ' Stock * * * with authority to sell the same without notice, either at public or private sale, or otherwise, at the option of the holder or holders hereof, on the non-performance of this promise, he or they giving me credit for any balance of the net proceeds at such sale remaining after paying all sums due from me to the said holder or holders."

The note was executed in the State of New York and was mailed to the plaintiff at its Massachusetts office with a letter from the defendant stating, " Enclosed Please find my signed note, this

will take place of the old note due May 6th." On receipt thereof plaintiff returned the old note to the defendant by mailing the same from Boston to the defendant in New York, together with a letter stating: " We have your letter of April 2nd with new note for $479.72 enclosed, and we are returning herewith your old note." No part of the principal or interest was paid excepting the sum of five dollars and forty-one cents paid April 7, 1927, and on May 25, 1939, the plaintiff sold the collateral security for forty dollars, which was credited upon the note.

It is fair to assume that the parties did not intend the note sued on to become operative until the delivery to the plaintiff at its Boston address, and the return of the earlier instrument. In fact, the redelivery of the earlier note was the consideration for the note in question. The contract, therefore, was a Massachusetts contract. (*Staples* v. *Nott*, 128 N. Y. 403; *Wayne County Savings Bank* v. *Low*, 81 id. 566; 2 Beale Conflict of Laws, § 313.1; Restatement, Conflict of Laws, § 313.)

The note is silent as to the place of payment and there is nothing before the court to indicate that the parties intended this phase of the contract to be governed by the law of any forum other than that of the place where the contract was made. (*Swift & Co.* v. *Bankers Trust Co.*, 280 N. Y. 135, 140; *Hibernia National Bank* v. *Lacombe*, 84 id. 367, 376.) Nevertheless, even though this be a Massachusetts contract, it is elementary that the Statute of Limitations of the forum wherein the action is brought is applicable. (*Miller* v. *Brenham*, 68 N. Y. 83; *Anglo California Nat. Bank* v. *Klein*, 162 Misc. 898, 905; 3 Beale Conflict of Laws, § 603.1). Section 48 of the Civil Practice Act requires that this type of action be commenced within six years after the cause of action has accrued. Whether or not an additional limitation should be imposed under section 13 of the Civil Practice Act cannot be determined since the Massachusetts statute has not been brought to the attention of the court.

Since this was a demand note the cause of action accrued and the Statute of Limitations commenced to run immediately on its delivery. (*Shutts* v. *Fingar*, 100 N. Y. 539; *Sewell* v. *Swift*, 151 App. Div. 584; *Church* v. *Stevens*, 56 Misc. 572.) Consequently, the action, brought as it was in 1940, is obviously barred unless the sale of the collateral by the defendant in 1939 and the application of the proceeds to a reduction of the amount claimed revived the debt against which the statute had already run. Voluntary partial payment of a note or payment of interest thereon will revive an obligation against which the statute has run. (*Heidenreich* v. *Sutter*, 254 App. Div. 620; *Strong* v. *Smith*, 149

Misc. 80, 82.) This is based upon the theory that such partial payment amounts to an acknowledgment of liability, from which is implied a new promise to pay. (*Harper* v. *Fairley*, 53 N. Y. 442; 2 Carmody's N. Y. Practice, § 494.) Such payment, however, must be evidenced by " clear and convincing " proof (*Woods* v. *Feeney*, 249 App. Div. 746), and must appear to have been the deliberate, voluntary act of the debtor evidencing an intention on his part to acknowledge the existence of the greater indebtedness. (*Adams* v. *Olin*, 140 N. Y. 150; *Scott* v. *Palmer*, 157 Misc. 133; affd., 246 App. Div. 379; affd., 273 N. Y. 471.)

Under the New York decisions the application of collateral does not constitute part payment sufficient to toll the statute or revive the debt, even though the instrument contained a security agreement similar to the one set forth in the note in the instant case. (*Brooklyn Bank* v. *Barnaby*, 197 N. Y. 210; *Security Bank* v. *Finkelstein*, 76 Misc. 471; affd., 160 App. Div. 315; affd., 217 N. Y. 707; *Matter of Povill*, 105 F. [2d] 157.)

But, says the plaintiff, this is a question of payment and payment is to be governed by the law of the place where the contract is to be performed, not by the law of the forum. To be sure, it is generally held that the law of the place of performance governs in determining what constitutes payment. (*Casper* v. *Kuhne*, 159 App. Div. 380; 2 Beale Conflict of Laws, § 361.1.) Payment in this sense, however, relates to what is necessary to discharge an obligation. Here, we are confronted with payment in the sense of what is sufficient to relieve a person from the bar of our own Statute of Limitations, what is sufficient to revive an extinct obligation, what is sufficient to constitute a new promise. In short, what we are called upon to do here is to construe our own Statute of Limitations and in doing so the true rule to follow is to adopt the construction which our own courts have given it. (*Howe* v. *Welch*, 17 Abb. N. C. 397; affd., 14 Daly, 80.)

A determination that the law of New York governs in this respect is not essential, since an examination of the Massachusetts cases does not indicate that a contrary result would be reached in applying the law of that State. Distinguishing features and special circumstances are present in all three cases relied upon by the plaintiff. Furthermore, each one of them had to do with collateral which was realized upon before the statute had run. In those cases it was held that part payment tolled the statute. It was not held that part payment revived the debt. This is an important distinction which has been specifically noted in the American Law Reports wherein Massachusetts is listed as among the majority of States holding that the application of the proceeds

from the sale of collateral will not revive a debt barred by the statute and among the minority holding that such application will toll the statute. (10 A. L. R. 838; 25 id. 58.) The only reported case in Massachusetts which has come to the court's attention, wherein the question was specifically passed upon, is *Campbell* v. *Baldwin* (130 Mass. 199). There a mortgage was given as collateral security for a note. After the statute had run the mortgaged premises were sold and the proceeds were applied as a payment. The court held that this was not a sufficient part payment to revive the obligation. Clearly, this view represents the better reasoning and is in accord with the generally accepted rule. A contrary holding would obviously result in untold confusion and uncertainty, for were it to be held that the application of collateral as part payment was sufficient to support a new promise, it would be virtually impossible to set any time limit for the termination of liability on a collateral note. If the Legislature believed that after a specified period had elapsed the court can no longer achieve substantial justice concerning rights arising at home where the evidence is most likely to be available, the same result must certainly follow when the cause of action accrued in another jurisdiction. (3 Beale Conflict of Laws, § 603.1.)

It is no answer to say that the parties have agreed to take the case from the statute by the execution of the note. For the authority given the plaintiff to sell the collateral is no greater than that enjoyed by a common law pledgee except that the plaintiff was authorized to sell either at public or private sale and without notice to the pledgor. The note itself conferred no additional right to bind the defendant so far as the Statute of Limitations is concerned. (*Brooklyn Bank* v. *Barnaby*, 197 N. Y. 210, 218; 1 Wood on Limitations [4th ed.], § 101).

The defendant's motion to dismiss the complaint is granted, with costs.

Submit order.